IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

J. BRETT GROSKO, Trial Attorney (Maryland Bar)
Wildlife and Marine Resources Section
Environment & Natural Resources Section
United States Department of Justice
P.O. Box 7369
Washington, D.C. 20044-7369
TEL: (202) 305-0342/FAX: (202) 305-0275
E-mail: brett.grosko@usdoj.gov

*Attorneys for Federal Defendants*

LISA T. BELENKY
(CA Bar No. 203225)
JUSTIN AUGUSTINE
(CA Bar No. 235561)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Tel: (415) 436-9682/Fax: (415) 436-9683
E-mail: lbelenky@biologicaldiversity.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, )<br><br>    Plaintiff, )<br><br>v. )<br><br>U.S. FISH AND WILDLIFE SERVICE, and )<br>KEN SALAZAR, in his capacity as Secretary of )<br>the Interior, )<br><br>    Federal Defendants. )<br><br>)| No. 09-cv-3711-PJH<br><br>STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL |

**STIPULATED SETTLEMENT AGREEMENT AND ~~PROPOSED~~ ORDER**

The Parties, the Center for Biological Diversity ("Plaintiff"), and Ken Salazar, Secretary of the United States Department of the Interior and the United States Fish and Wildlife Service (collectively "Federal Defendants") have agreed to settle the above-captioned case in its entirety on the terms memorialized in this Stipulated Settlement Agreement ("Stipulation"):

WHEREAS on February 8, 1999, the U.S. Fish and Wildlife Service ("FWS") found that the Sacramento splittail (*Pogonichthys macrolepidotus*) ("Splittail") warranted listing as a threatened species under the Endangered Species Act ("ESA"), see Determination of Threatened Status for the Sacramento splittail, 64 Fed. Reg. 5963, 1999 WL 52401 (Feb. 8, 1999) ("Listing Decision");

WHEREAS FWS's Listing Decision was subsequently challenged in the U.S. District Court for the Eastern District of California in the case San Luis & Delta-Mendota Water Authority v. Badgley, No. 99-cv-05658-OWW-LJO;

WHEREAS on June 28, 2000, the U.S. District Court for the Eastern District Court of California in San Luis & Delta-Mendota Water Authority v. Badgley, No. 99-cv-05658-OWW-LJO, found FWS's Listing Decision to be unlawful, see San Luis & Delta-Mendota Water Authority v. Badgley, 136 F. Supp. 2d 1136 (June 28, 2000);

WHEREAS on September 22, 2000, the U.S. District Court for the Eastern District Court of California remanded the Listing Decision to FWS for a re-evaluation of its Listing Decision, San Luis & Delta-Mendota Water Authority v. Badgley, No. 99-cv-05658-OWW-LJO (Dock. Entry No. 108) ("Remand Order");

WHEREAS after completing the review mandated by the Remand Order, the FWS removed the Splittail from the list of threatened species on September 22, 2003, see Notice of

2

Remanded Determination of Status for the Sacramento splittail (*Pogonichthys macrolepidotus*),

68 Fed. Reg. 55,140, 2003 WL 22169145 (Sept. 22, 2003) ("2003 Final Rule");

WHEREAS on August 13, 2009, Plaintiff filed a complaint in this Court alleging that the

2003 Final Rule violated the ESA and the Administrative Procedure Act ("APA"), see

Complaint, Case No. 09-cv-3711-PJH (Dock. Entry No. 1);

WHEREAS the Plaintiff and Federal Defendants, through their authorized

representatives, without any admission of legal fault or error, and without final adjudication of

the issues of fact or law with respect to Plaintiff's claims, have reached a settlement resolving

this action;

WHEREAS the Parties agree that settlement of this action in this manner is in the public

interest and is an appropriate way to resolve this dispute;

THE PARTIES THEREFORE STIPULATE AS FOLLOWS:

1.      The 2003 Final Rule is remanded back to Federal Defendants for further

proceedings consistent with the ESA and the APA.  As detailed in paragraphs 2 and 3, on or

before September 30, 2010, Federal Defendants will submit to the Federal Register for

publication a new finding as to whether listing the Splittail is warranted or not warranted.  As

part of this review, the Federal Defendants will open a 30-day public comment period to allow

for the submission of additional information by the public.

2.      If, on remand, the Federal Defendants find that the Splittail does not warrant

listing ("Not Warranted Finding"), the Federal Defendants shall submit the Not Warranted

Finding to the Federal Register for publication on or before September 30, 2010.

3.      If, on remand, the Federal Defendants find that the Splittail is warranted ("Warranted Finding"), Federal Defendants shall submit the Warranted Finding and a proposed rule to list the Splittail to the Federal Register for publication on or before September 30, 2010.

4.      If Federal Defendants make a Warranted Finding as described in paragraph 3 above, Federal Defendants shall submit to the Federal Register a final determination regarding listing the Splittail on or before September 29, 2011.

5.      Either party may seek to modify the deadlines specified in Paragraphs 1 through 4, for good cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the Parties shall use the dispute resolution procedures specified in Paragraph 6 below.

6.      The Order entering this Stipulation may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court.  In the event that either party seeks to modify the terms of this Stipulation, including the deadlines specified in Paragraphs 1 through 4, or in the event of a dispute arising out of or relating to this Stipulation, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.  In the event that Federal Defendants fail to meet a

4

deadline and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Stipulation.  This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

7.      Except as explicitly provided in this Stipulation, nothing in this Stipulation shall be construed to modify or limit the discretion afforded to the Federal Defendants under the ESA or principles of administrative law on remand.  No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provision of law.  No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the Federal Defendants take actions in contravention of the ESA, APA, or any other law or regulation, either substantive or procedural.

8.      Pursuant to Federal Rule of Civil Procedure 41(a)(2) and the terms of this Stipulation, the above-captioned case is hereby dismissed in its entirety, with prejudice as to all claims relating to the 2003 Final Rule (68 Fed. Reg. 55,140).  By entering this Stipulation, Plaintiff does not waive its right to raise any and all challenges to any other regulation issued by FWS.

9.      The Federal Defendants agree to pay $9,000.00 to settle Plaintiff's claim for fees and costs.  A check shall be made payable in this amount to Center for Biological Diversity, c/o Lisa Belenky, 351 California St., Suite 600, San Francisco, CA  94104.  The Federal Defendants agree to submit all necessary paperwork to the Department of Treasury's Judgment Fund Office pursuant to 16 U.S.C. § 1540(g)(4) within ten (10) business days of receipt of the signed court order approving this Stipulation.

10.     Plaintiff agrees to accept this payment in full satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this Stipulation, incurred in connection with this litigation.

11.     By this Stipulation, the Federal Defendants do not waive any right to contest fees claimed by Plaintiff, including the hourly rate, in any future litigation or continuation of the present action.

12.     The terms of this Stipulation constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced.  Except as expressly stated herein, this Stipulation supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matters discussed herein.

13.     This Stipulation may be modified or amended only by order of this Court.

14.     Each of the Parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Stipulation, and do hereby agree to the terms herein.

15.     The terms of this Stipulation shall become effective upon entry of an order by the Court ratifying the Stipulation.

16.     This Stipulation has no precedential value and shall not be used as evidence of such in any litigation or in representations before any forum or public setting.

17.     Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of

this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:          January 22, 2010.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division


JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section



*/s/ J. Brett Grosko*
_____
J. BRETT GROSKO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel. (202) 305-0342/ Fax (202) 305-0275
Brett.Grosko@usdoj.gov

*Attorneys for Federal Defendants*



OF COUNSEL:

James Monroe
United States Department of the Interior
Office of the Solicitor


LISA T. BELENKY
JUSTIN AUGUSTINE
Center for Biological Diversity
351 California St., Suite 600
San Francisco, CA  94104
Tel: (415) 436-9682 x 307
Fax: (415) 436-9683
lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org




*/s/ Lisa T. Belenky* (with permission)
_____
LISA T. BELENKY
Center for Biological Diversity
351 California St., Suite 600
San Francisco, CA  94104
Tel: (415) 436-9682 x 307
Fax: (415) 436-9683
lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

*Attorneys for Plaintiff*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   _____
2/1/10



PHYLLIS _____ N
United Stat _____ ge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused the foregoing to be served upon counsel of record, as indicated below, through the Court's electronic service system (ECF/CM):

Lisa Belenky, Esq.
E-mail: lbelenky@biologicaldiversity.org

Justin Augustine, Esq.
E-mail: jaugustine@biologicaldiversity.org

Dated:        January 22, 2010.

*/s/ J. Brett Grosko*

_____

*Attorney for Federal Defendants*

8